**RESNICK & LOUIS, P.C.**
PAUL A. ACKER, ESQ.
Nevada Bar No. 3670
BETHANY L. KIRKENIR, ESQ.
Nevada Bar No. 13165
8945 West Russell Road, Suite 330
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
packer@rlattorneys.com
*Attorneys for Defendant,*
*Penn-Star Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ZIMMERMAN, individually and as Trustee of the ZIMMERMAN FAMILY TRUST 1994,<br><br>Plaintiff,<br><br>vs.<br><br>PENN-STAR INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:   2:22-cv-1174-JCM-MDC<br><br>**JOINT AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff Joseph Zimmerman, both individually and as Trustee of the Zimmerman Family Trust 1994 ("Plaintiff") and Defendant Penn-Star Insurance Company ("Defendant"), by and through their counsel, jointly, submit the following Amended Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(a), a hearing was held on February 11, 2025, and was attended by Kevin Pollack, Esq., for Plaintiff, and Paul A. Acker, Esq., of Resnick & Louis, P.C., wherein the Parties were ordered to file this Joint Amended Discovery Plan and Scheduling Order:

/ / /

/ / /

## AMENDED DISCOVERY PLAN AND PROPOSED SCHEDULE

### A. Initial Disclosures

The Parties exchanged their initial disclosures on or before October 22, 2022.

### B. Subjects of Anticipated Discovery

Pursuant to Fed. R. Civ. P. 26(f)(3)(B), the Parties believe that discovery may be needed on the following subjects: (1) the nature and basis of Plaintiff's insurance claim; (2) Defendant's adjustment, investigation, and evaluation of Plaintiff's insurance claim; (3) Defendant's claims and adjustment policies and procedures; (4) Defendant's claim and coverage decisions; (5) the communications between the parties and/or their agents; (6) the issuance of the subject insurance policy and how it was underwritten; and (7) the nature and scope of Plaintiff's damages.

### C. Discovery Plan and Proposed Schedule

The Parties propose the following Amended Discovery Plan and Proposed Schedule Pursuant to Local Rule 26-1(b):

#### 1. Discovery Cut-Off Date

The close of discovery will be July 25, 2025.

#### 2. Amending the Pleadings and Adding Parties

Pursuant to Local Rule 26-1(b)(2), the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery, which was April 28, 2025.

#### 3. Expert Disclosures (Fed. R. Civ. P. 26(a)(2))

Pursuant to Local Rule 26-1(b)(3) the Parties' respective expert disclosures must be made 60 days before the discovery cut-off date, which is May 27, 2025, and rebuttal expert disclosures must be made 30 days after the initial disclosure of experts, which is June 26, 2025.

#### 4. Dispositive Motions

The deadline for filing motions for summary judgment will be August 27, 2025.

The deadline for filing dispositive motions, including motions in limine, will be September 26, 2025.

### 5. Pretrial Order

Pursuant to Local Rule 26-1(b)(5), the deadline for the joint pretrial order is 30 days after the dispositive motion deadline, or October 27, 2025

### 6. Alternative Dispute Resolution

The Parties have agreed on a mediator and have confirmed a mediation date for April 28, 2025.

### 7. Court Conference

The Parties are not requesting a court conference.

### 8. Alternative Forms of Case Disposition

Pursuant to Local Rule 26-1(b)(8), the Parties have considered consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the use of the Short Trial Program (General Order 2013-01).

The Parties do not believe that this case would effectively be resolved through the Short Trial Program.

After meeting and conferring, the parties do not consent to have this matter tried before a Magistrate Judge.

### 9. Electronic Evidence

Pursuant to Local Rule 26-1(b)(9), the Parties have discussed and intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  The Parties agree and stipulate that the preferred method for disclosure and discovery of electronically stored information is Portable Document Format ("PDF"), such as Adobe Acrobat, with a recognize text Optical Character Recognition ("OCR") enabled.  The Parties also agree that the information can also be produced in the format in which the material is conveyed from the

3

client to its counsel, provided that special software is not necessary to open or view the information. If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

**10. Discovery Disputes**

Pursuant to Local Rule 26-1(c), the Parties agree that before moving for an order relating to any discovery dispute, the movant must request a conference with the assigned magistrate judge.

**11. Extension of Scheduled Deadlines**

Pursuant to Local Rule 26-3, a motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

DATED this 14th day of February, 2025.

RESNICK & LOUIS, P.C.

/s/ Paul A. Acker
By: _____
PAUL A. ACKER, ESQ.
BETHANY L. KIRKENIR, ESQ.
*Attorneys for Defendant,*
*Penn-Star Insurance Company*

DATED this 14th day of February, 2025.

POLI, MOON, ZANE, PLLC &
ABIR COHEN TREYZON SALO, LLP

/s/ Kevin M. Pollack
By: _____
MICHAEL N. POLI, ESQ.
KEVIN M. POLLACK, ESQ.
*Attorneys for Plaintiff*

IT IS SO ORDERED. Denied without prejudice. The parties provided two dates for dispositive motions. The correct date for dispositive motion deadline should be 08/27/25. The parties also need to correct the joint pretrial order deadline to 09/26/25, and include the language from LR 26-1(b)(5). Deadlines to file motions in limine are governed by LR 16-3. Finally, the parties must identify on the caption all prior extensions per LR IA 6-1 (e.g. "This is the parties' ___nd extension."). Finally, the parties must strike paragraph 10. Any discovery disputes must be resolved in accordance with the Court's 08/16/24 Standing Order (ECF No. 43). The parties may submit an amended stipulation correcting the foregoing.

_____
Honorable Maximiliano D. Couvillier
United States Magistrate Judge

DATED: 2-18-25

4