**POLI, MOON & ZANE, PLLC.**
Michael N. Poli (Bar No. 005461)
403 Hill Street
Reno, Nevada 89501
Telephone: (775) 229-8021
mpoli@pmzlaw.com

**ABIR COHEN TREYZON SALO, LLP**
Kevin M. Pollack, *Admitted Pro Hac Vice*
16001 Ventura Blvd., Suite 200
Encino, CA 91436
Telephone: (833) 228-7529
Facsimile: (424) 288-4368
kpollack@actslaw.com

*Attorneys for Plaintiff*

**RESNICK & LOUIS, P.C.**
Paul A. Acker (Bar No. 3670)
Bethany L. Kirkenir (Bar No. 13165)
8945 West Russell Road, Suite 330
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
packer@rlattorneys.com
bkirkenir@rlattorneys.com

*Attorneys for Defendant,*
*Penn-Star Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ZIMMERMAN, individually and as Trustee of the ZIMMERMAN FAMILY TRUST 1994,<br><br>Plaintiff,<br><br>vs.<br><br>PENN-STAR INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 2:22-cv-1174-JCM-MDC<br><br>**JOINT AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>***SPECIAL SCHEDULING REVIEW REQUESTED***<br><br>[*This is the Parties' 3rd extension*] |

Plaintiff Joseph Zimmerman, both individually and as Trustee of the Zimmerman Family Trust 1994 ("Plaintiff") and Defendant Penn-Star Insurance Company ("Defendant"), by and through their counsel, jointly, submit the following Amended Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(a), a hearing was held on February 11, 2025, and was attended by Kevin Pollack, Esq., for Plaintiff, and Paul A.

Acker, Esq., of Resnick & Louis, P.C., wherein the Parties were ordered to file this Joint Amended Discovery Plan and Scheduling Order. Subsequently, the Joint Amended Discovery Plan and Scheduling Order submitted by the Parties has been rejected with requests by the Court to make corrections and resubmit.

## JOINT AMENDED DISCOVERY PLAN AND PROPOSED SCHEDULE

### A. Initial Disclosures

The Parties exchanged their initial disclosures on or before October 22, 2022.

### B. Subjects of Anticipated Discovery

Pursuant to Fed. R. Civ. P. 26(f)(3)(B), the Parties believe that discovery may be needed on the following subjects: (1) the nature and basis of Plaintiff's insurance claim; (2) Defendant's adjustment, investigation, and evaluation of Plaintiff's insurance claim; (3) Defendant's claims and adjustment policies and procedures; (4) Defendant's claim and coverage decisions; (5) the communications between the parties and/or their agents; (6) the issuance of the subject insurance policy and how it was underwritten; and (7) the nature and scope of Plaintiff's damages.

### C. Discovery Completed

The following discovery has already been completed:

- The parties have exchanged disclosures and accompanying exhibits.
- The parties have exchanged written discovery.
- The deposition of Joseph Zimmerman was taken.
- The deposition of James Overton was taken.

### D. Discovery Plan and Proposed Schedule

The Parties propose the following Amended Discovery Plan and Proposed Schedule Pursuant to Local Rule 26-1(b):

### 1. Discovery Cut-Off Date

The Parties request a special scheduling review, and believe this case warrants a special scheduling order for the reasons stated herein.

The Parties filed cross motions for partial summary judgment and had previously agreed that it would make economic and practical sense to defer certain forms of discovery until after the Court issued a ruling regarding the coverage issue. The Parties agreed this approach would enable the Parties to evaluate settlement opportunities more meaningfully before incurring costs to perform discovery on issues which may be unnecessary depending on the Court's coverage ruling. The Court issued its ruling on the Parties' cross motions for partial summary judgment on July 12, 2024.

On February 11, 2025 the Parties were ordered to appear before this Court. At said hearing, the Court ordered the Parties to file this Amended Joint Discovery Plan Scheduling Order with instructions to complete discovery within 90 days of the confirmed April 28, 2025 mediation, which is July 25, 2025.

The first defendant, Penn-Star Insurance Company, answered or otherwise appeared in this matter on July 26, 2022. The number of days required for discovery is 1,096 days. For the reasons explained herein, the close of discovery will be July 25, 2025.

### 2. Amending the Pleadings and Adding Parties

Pursuant to Local Rule 26-1(b)(2), the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery, which is April 28, 2025.

### 3. Expert Disclosures (Fed. R. Civ. P. 26(a)(2))

Pursuant to Local Rule 26-1(b)(3) the Parties' respective expert disclosures must be made 60 days before the discovery cut-off date, which is May 27, 2025, and rebuttal expert disclosures must be made 30 days after the initial disclosure of experts, which is June 26, 2025.

3

### 4. Dispositive Motions

Pursuant to Local Rule 26-1(b)(4), the deadline for filing dispositive motions is 30 days after the discovery cut-off date, which is August 25, 2025.

### 5. Pretrial Order

Pursuant to Local Rule 26-1(b)(5), unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline (i.e. September 24, 2025). If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

### 6. Pretrial Disclosures (Fed. R. Civ. P. 26(a)(3))

Local Rule 26-1(b)(6) requires that pre-trial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(3), and any objections thereto shall be included in the Pre-Trial Order. The Parties wish to deviate from that rule so as to permit a reasonable opportunity to evaluate a party's pre-trial disclosures and make well-reasoned objections thereto. The Parties do not feel they can adequately do so under the modified schedule of Local Rule 26-1(b)(6). Therefore, the Parties propose following the schedule in Federal Rule of Civil Procedure 26(a)(3)(B) which requires parties to make pre-trial disclosures not later than thirty (30) days before trial, and submit any objections thereto not later than fourteen (14) days before trial.

### 7. Alternative Dispute Resolution

Pursuant to Local Rule 26-1(b)(7), the Parties hereby certify that they have met and conferred about the possibility of using alternative dispute-resolution processes and have confirmed a mediation date for April 28, 2025.

### 8. Court Conference

The Parties are not requesting a court conference.

4

9. **Alternative Forms of Case Disposition**

Pursuant to Local Rule 26-1(b)(8), the Parties have considered consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the use of the Short Trial Program (General Order 2013-01).

The Parties do not believe that this case would effectively be resolved through the Short Trial Program.

After meeting and conferring, the parties do not consent to have this matter tried before a Magistrate Judge.

10. **Electronic Evidence**

Pursuant to Local Rule 26-1(b)(9), the Parties have discussed and intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  The Parties agree and stipulate that the preferred method for disclosure and discovery of electronically stored information is Portable Document Format ("PDF"), such as Adobe Acrobat, with a recognize text Optical Character Recognition ("OCR") enabled.  The Parties also agree that the information can also be produced in the format in which the material is conveyed from the client to its counsel, provided that special software is not necessary to open or view the information.  If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

/ / /

/ / /

5

**11. Extension of Scheduled Deadlines**

Pursuant to Local Rule 26-3, a motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

DATED: March 12, 2025

DATED: March 12, 2025

**RESNICK & LOUIS, P.C.**

**POLI, MOON, ZANE, PLLC & ABIR COHEN TREYZON SALO, LLP**

By: *//s// Paul A. Acker*
PAUL A. ACKER, ESQ.
BETHANY L. KIRKENIR, ESQ.
*Attorneys for Defendant,*
*Penn-Star Insurance Company*

By: *//s// Kevin M. Pollack*
MICHAEL N. POLI, ESQ.
KEVIN M. POLLACK, ESQ.
*Attorneys for Plaintiff*

**IT IS SO ORDERED:** Granted in Part and Denied In Part. The Court denies the parties' proposed pre-trial disclosures schedule at Paragraph 6 because it may not allow a reasonable time for the Court to address pre-trial objections. The Court also denies the parties' proposal regarding the pretrial order at Paragraph 5. Instead, the parties shall file the joint pretrial order 60 days after the dispositive-motion deadline. The pretrial order shall include the pretrial disclosures and any objections thereto per LR 26-1(b)(6). If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 60 days after decision on the dispositive motions or further court order. The Court may consider a later request to modify the pretrial disclosures deadline for good cause and after a good faith effort to comply with the pretrial deadline.

Honorable Maximilliano D. Couvillier
United States Magistrate Judge

DATED: 3-14-25

6